No. 22-15149

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CREIGHTON MELAND,

Plaintiff-Appellant,

v.

SHIRLEY WEBER,
in her official capacity as Secretary of State of the State of California,

Defendant-Appellee.

On Appeal from the United States District Court
for the Eastern District of California, Sacramento
Honorable John A. Mendez, District Judge

**APPELLANT'S
MOTION TO LIFT STAY**

JOSHUA P. THOMPSON
WILSON FREEMAN
  Pacific Legal Foundation
  555 Capitol Mall, Suite 1290
  Sacramento, California 95814
  Telephone: (916) 419-7111
  Facsimile: (916) 419-7747
  JThompson@pacificlegal.org
  WFreeman@pacificlegal.org

*Attorneys for Plaintiff-Appellant*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Appellant states that there are no corporations party to this case.

# INTRODUCTION

In 2018, California passed a "minimum gender requirement" that applies to every boardroom of every publicly held corporation, across every industry, throughout the entire state. SB 826's "Woman Quota" purports to remedy societal discrimination against women, but it bears no discernable relationship to that end and violates the Constitution's equal protection clause. On December 21, 2021, the district court in this case erroneously concluded otherwise, denying Plaintiff Meland's motion for preliminary injunction on the ground that the Woman Quota was likely to pass intermediate scrutiny. Dist. Ct. Op. at 21, 1-ER-022.

Although Meland timely appealed, and that appeal has been fully briefed, this Court, without prompting from either party, stayed his appeal pending the resolution of a state court case, *Crest et al. v. Padilla*, Case No. 19-STCV-27651 (Cal. Super. Ct. L.A. Cnty.).

*Crest* is itself now stayed pending the resolution of a different state court case which itself turns on a legal issue of California state law with no relevance here. In light of these recent changes, the stay is neither legally supportable nor practical. This Court should allow the case to proceed.[1]

---

[1] Plaintiff-Appellant Meland conferred with counsel for the Defendant-Appellee, who opposes this motion.

## BACKGROUND

Appellant Creighton Meland, Jr., is a shareholder of OSI Systems, Inc. (OSI), a publicly held company that is incorporated in Delaware and headquartered in Hawthorne, California, and subject to the Woman Quota. Meland Decl. ¶ 2. He currently owns 65 shares of OSI stock and has voted in past elections. Dist. Ct. Op., 1-ER-008. Meland filed this lawsuit on November 13, 2019. 3-ER-621. Around the time Meland filed his suit, several others also challenged the Woman Quota law, including taxpayers in the state of California. *See Crest v. Padilla* ("*Crest I*") No. 19-STCV-27561 (Cal. Super. Ct. L.A. Cnty. May 13, 2022). *See also Crest v. Padilla* (*"Crest II"*), No. 20-STCV-37513 (Cal. Super. Ct. L.A. Cnty. Apr. 1, 2022) (challenging on the same ground the related "minority quota" law, AB 979). The plaintiffs in *Crest* claimed only that the law violated the California state Constitution's guarantees of equal protection.

On April 20, 2020, Judge Mendez granted Defendant's Motion to Dismiss for lack of standing. ECF No. 16, 3-ER-636. On June 21, 2021, this Court reversed and remanded, ruling that Meland has standing because "SB 826 requires or encourages him to discriminate on the basis of sex[.]" *Meland v. Weber*, 2 F.4th 838, 842 (9th Cir. 2021).

Meland then moved for a preliminary injunction to enjoin the law from operating prior to the next OSI board election. ECF No. 23, 3-ER-616. Meland

argued that he was likely to succeed on the merits because SB 826 imposes a rigid, arbitrary, overly broad, poorly tailored, and perpetual quota. Dist. Ct. Op. at 18–21, 1-ER-019–22. In opposition, the Secretary once again argued that Meland lacked standing because it claimed that his low amount of shares meant he could vote without affecting the election. *Id.* at 6, 1-ER-007. The district court rejected the standing argument but concluded that the Woman Quota passed intermediate scrutiny and denied the motion for preliminary injunction. Dist. Ct. Op. at 21, 1-ER-022. Meland timely appealed.

Meland's appeal was fully briefed when, in Spring of 2022, the California Superior Court ruled in the *Crest* case that the Woman Quota was unconstitutional under the California state constitution and enjoined the law. *Crest I*, slip op. at 23. *See also Crest II*, slip op. at 23. The Attorney General of California appealed both rulings to the California Court of Appeal.

Following this decision from the California court, this court stayed Meland's appeal. As this court stated in its order: "Proceedings in this case will be held in abeyance until any appeal of the decision in *Crest et al. v. Padilla*, Case No. 19-STCV-27651 (Los Angeles Sup. Ct.) becomes final. *Cf. Growe v. Emison*, 507 U.S. 25, 32 (1993)." Docket No. 60.

However, on August 31, 2023, the California Court of Appeals granted the California Attorney General's motion to hold the *Crest* appeals in abeyance pending

3

the decision of the California Supreme Court in *Taking Offense v. State of California*, No. S270535 (Cal. Petition for Review granted Nov. 10, 2021). *See Padilla v. Crest*, B322276 (Cal. 2d Ct. App. Stay Order filed Aug. 31, 2023); *Padilla v. Crest*, B321726 (Cal. 2d Ct. App. Stay Order filed Aug. 31, 2023). *Taking Offense* does not involve any questions about SB 826, AB 979, or equal protection law. Instead, *Taking Offense* presents a question of taxpayer standing in California state courts, an issue that is relevant to whether the plaintiffs in *Crest* have standing, and a First Amendment question. Neither aspect of that case has any relevance here.

## ANALYSIS

Federal courts are under a "virtually unflagging obligation" to "exercise the jurisdiction given to them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Courts should only abstain or defer the exercise of that jurisdiction in rare circumstances. *See, e.g.*, *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501 (1941); *Colorado River Water Conserv. Dist.*, 424 U.S. at 814–17.

The context here—where a state court has enjoined the challenged statute in another pending litigation—does not justify an indefinite stay under any legal doctrine. This is especially true where the separate litigation is itself stayed indefinitely, as it is in *Crest*.

## I. *GROWE v. EMISON* DOES NOT SUPPORT AN INDEFINITE STAY

The only case cited in the Court's stay order is *Growe v. Emison*, 507 U.S. 25, 32 (1993). In *Growe*, the Supreme Court addressed a malapportionment challenge brought by a group of voters, where the Minnesota Supreme Court, in a separate but similar case, had already appointed a Special Redistricting Panel. The Supreme Court concluded that the lower court erred by failing to defer to the state court's Panel. Although the Court acknowledged that both the state and federal court had jurisdiction and federal courts were ordinarily under no obligation to defer, "the Constitution leaves with the States primary responsibility for apportionment of their federal congressional and state legislative districts" and in that particular context, "a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it." *Id.* at 34 (citing *Scott v. Germano*, 381 U.S. 407 (1965) and *Chapman v. Meier*, 420 U.S. 1, 27 (1975)).

Because the principles of *Growe* are expressly limited to the reapportionment context, it has no relevance here. As *Growe* itself recognized, "[o]f course federal courts and state courts often find themselves exercising concurrent jurisdiction over the same subject matter, and when that happens a federal court generally need neither abstain … nor defer." *Growe*, 507 U.S. at 32. Exceptions to this general rule arise only in "rare circumstances." *Id.*

As *Growe* explained, the "rare circumstances" in which a court should abstain or defer are governed by two doctrines: *Pullman* abstention and the *Colorado River* doctrine. Neither supports a stay in this case.

## II. PULLMAN ABSTENTION DOES NOT APPLY

Grounded in concerns of federalism, the *Pullman* abstention doctrine represents "an extraordinary and narrow exception to the duty of" a federal court "to adjudicate a controversy that is properly before it." *Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003) (cleaned up).

For *Pullman* abstention to apply, three questions must be answered in the affirmative. First, are there "sensitive issues of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open"? *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010) (cleaned up). Second, could "constitutional adjudication … be avoided by a state ruling"? *Id.* Third, is the "resolution of the state law issue … uncertain"? *Id.* The stay in this case fails the second and third prong.

Under the second question, abstention is only appropriate in "a case where the challenged state statute is susceptible of a construction by the state judiciary" that would allow the courts to avoid the need to reach a federal constitutional question. *Kusper v. Pontikes*, 414 U.S. 51, 54 (1973). *See also Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237 (1984) (*Pullman* abstention unnecessary where "statutes are not

6

of an uncertain nature and have no reasonable limiting construction"). The *Crest* litigation only involves a claim that the statute violates California's equal protection guarantee. Nobody argues that the statute is reasonably susceptible of a limiting construction which would eliminate the federal equal protection problems.

And *Pullman* does not license federal courts to pause their cases for the purpose of letting state courts take the first stab at similar constitutional analysis under similar state constitutional provisions. *See, e.g.*, *Pue v. Sillas*, 632 F.2d 74, 79–80 (9th Cir. 1980); *Midkiff*, 467 U.S. at 237 (1984) ("The Court has previously determined that abstention is not required for interpretation of parallel state constitutional provisions."). The potential application of a generic state constitutional provision mirroring a similar federal provision "neither logically precedes nor governs the federal question." *Pue*, 632 F.2d at 81. "[T]o hold that abstention is required because [the state statute] might conflict with [the state constitution's] broad and sweeping constitutional provisions, would convert abstention from an exception into a general rule." *Examining Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero*, 426 U.S. 572, 598 (1976). *See also Pue*, 632. F.2d at 80 ("Since most states have both some form of due process clause and some form of equal protection clause, abstention would be necessary, or at least within the power of the district judge, in nearly every civil rights action.") (quoting *Stephens v. Tielsch*, 502 F.2d 1360, 1362 (9th Cir. 1974)). At best, the state equal

protection issue in *Crest* is "similar to the federal provision that is the basis of the federal challenge." 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4242 (3d ed.). This is not enough to justify the extraordinary remedy of abstention.

Furthermore, because abstention turns on the availability of a limiting construction, see *Midkiff*, 467 U.S. at 237, it rarely makes sense in the context of a facial constitutional challenge. The "pivotal question in determining whether abstention is appropriate is whether *the statute* is 'fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question.'" *City of Houston v. Hill*, 482 U.S. 451, 468 (1987) (emphasis added). Any state court decision that narrows the reach of the statute is unlikely to change the federal constitutional analysis. Accordingly, the second factor "frequently" cannot be satisfied when the federal case involves a facial challenge "because a constitutional determination is generally required to assess a frontal attack upon a statute." *Porter*, 319 F.3d at 493 n.9.

Ultimately, the state court in *Crest* will not be offering a narrowing interpretation of the statute because no narrowing interpretation is possible, and in any case, a narrower interpretation of the statute would likely not even avoid the need for a constitutional analysis. As a result, the second factor cannot be satisfied.

The first *Pullman* question also independently precludes abstention. A case that presents a facial challenge to a state law and alleges a violation of civil rights is one where federal courts belong, not one that they should try to avoid entering. As this Court has explained: "[f]ederal courts should be reluctant to abstain in civil rights cases." *Pearl Inv. Co. v. City and Cnty. of San Francisco*, 774 F.2d 1460, 1463 (9th Cir. 1985); *see also C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 381 (9th Cir. 1983). As this Court acknowledged, any enforcement or threatened enforcement of the Woman Quota inflicts an injury on Meland; the "importance and immediacy of [this] problem" indicates that federal courts should hear this case now. *See Harman v. Forssenius*, 380 U.S. 528, 537 (1965).

To the extent the Court's stay relies upon *Pullman* abstention, it is unsupportable.

### III.  *COLORADO RIVER* DOES NOT APPLY

The *Colorado River* is an exception to the general rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River*, 424 U.S. at 817. *Colorado River* rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. (cleaned up). Whether a court should grant a *Colorado River* stay requires weighing and balancing

9

eight different factors. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023) (listing the factors).

But a "threshold requirement" for staying a case under *Colorado River* is that the federal case and the state case must be "parallel." *Id.* at 838. As the Supreme Court's has instructed, "it would be a serious abuse of discretion to grant the stay" if the "parallel state-court litigation" was not an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). The two cases must be similar enough that, after the state court adjudication, the federal court "will have nothing further to do in resolving any substantive part of the case." *Ernest Bock*, 76 F.4th at 838 (quoting *Moses H. Cone*, 460 U.S. at 28).

Accordingly, as this court has recently explained, a federal case is not parallel to a state case if the federal case would only be resolved "if the state court rules" a certain way. *Ernest Bock*, 76 F.4th at 838; see *id.* at 841. Any substantial doubt about whether the federal case will need to continue after the state case reaches an answer "precludes a stay." *Id.* at 839.

That principle rules out a *Colorado River* stay. *Crest* could resolve this case if and only if its final judgment after all appeals universally enjoins the state of California from enforcing the Woman Quota in its entirety. Any other outcome would mean that the *Crest* litigation failed to resolve Meland's claim—in other

words, this case would not be moot. There is at least "substantial doubt" about this outcome. Even setting the merits of *Crest* aside, as the recent stay in the *Crest* cases indicates, the ultimate outcome of that litigation turns on the scope of taxpayer standing under California law, an issue that is of no relevance here and, as the stay in *Crest* suggests, is not settled. These factors suggest that there are many possible outcomes to *Crest* in which the federal court will be left with something to do—meaning a stay forces the parties to wait for potentially no reason at all.

IV. **PRUDENTIAL FACTORS DO NOT SUPPORT A STAY**

Finally, even to the extent that a stay would be legally justifiable, it doesn't make sense here where the delay is indefinite and risks serious prejudice for the Plaintiff.

Since the court's order, the state court cases that prompted the stay of this case have themselves been stayed. Under the current stay, vindication of the Plaintiff's constitutional rights must await the resolution of a California Supreme Court decision that lacks any relevance to his case, a California Court of Appeals decision that he is not a party to, and the eventual appeal from that decision back to the California Supreme Court.

It's not hard to imagine that all of this could last years. To be sure, this Court has noted that when pending litigation in state court presents relevant antecedent state law questions, the risk of delay is lower. *See Almodovar v. Reiner*, 832 F.2d

11

1138, 1140 (9th Cir. 1987). But that general rule can no longer support a stay here because the related state cases are themselves now stayed pending a case that has no relevance here.

And in that time, if the California courts lift or even narrow the injunction, Plaintiff Meland will suffer unconstitutional sex discrimination throughout briefing, oral argument, and however long it takes for an opinion to issue and for the merits to be then litigated at the district court on remand. And it's quite plausible that the California courts could put the Plaintiff in that very position. After all, the *Crest* appeals are stayed to see if the *Crest* plaintiffs even have standing. And the California Court of Appeal has already lifted the *Crest* injunction of AB 979 once, albeit partially and temporarily. *See Crest v. Padilla*, B321726 (Cal. 2d. Ct. App. Sept. 16, 2022) (temporary stay order). If the state court did so again, the stay here would leave Meland vulnerable to months or years of discrimination while the federal litigation resumed.

This Court has already determined that threatened enforcement of the Woman Quota would subject Meland to justiciable injury. It should protect him from that injury and lift the stay.

## CONCLUSION

The motion to lift the stay should be granted.

DATED: December 13, 2023.

                    Respectfully submitted,

                    JOSHUA P. THOMPSON
                    WILSON FREEMAN
                    Pacific Legal Foundation

                    By   s/ *Wilson Freeman*
                            WILSON FREEMAN

                    *Attorneys for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

   s/ <i>Wilson Freeman</i><br>WILSON FREEMAN